UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CINCINNATI INSURANCE COMPANY,

      Plaintiff,

v.                                           Case No. 02-73508
                                           Honorable Patrick J. Duggan
RAY ROGERS & ASSOC., INC., et. al,

      Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, EXCEPT AS TO DEFENDANT BONNELL ENTERPRISES, INC.**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 17, 2006.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

Plaintiff Cincinnati Insurance Company ("Cincinnati Insurance") filed this diversity action seeking a declaratory judgment that it has no duty to defend and indemnify defendant Ray Rogers & Associates, Inc. ("Ray Rogers") against claims by the remaining defendants for damages allegedly caused by Ray Rogers' installation and/or supply of "glacier gray" landscape rock or stone.[1] Presently before the Court is

---

[1] Cincinnati Insurance has named approximately 70 individuals and entities in this action as defendants. Many defendants have been dismissed over the course of this litigation and the Court recently granted default judgments against thirteen defendants upon Cincinnati Insurance's motion. At this time, the following seven defendants remain: Alan Bittker, Elro Corporation, James Suzak, Keith and Robin Tarter, Bonnell Enterprises, Inc., and Hortica-Florists' Mutual Insurance Company.

Cincinnati Insurance's motion for judgment on the pleadings or, alternatively, for summary judgment, filed November 17, 2005.

According to Cincinnati Insurance, it served defendants with a copy of its motion for summary judgment on November 17, 2005. This Court sent a notice to the parties on November 28, 2005, indicating that the motion for summary judgment had been filed and reminding them of the provisions of Local Rule 7.1, specifically subsection (d) which provides that "[a] response to a dispositive motion must be filed within 21 days after service of the motion." On December 19, 2005, the Court issued a notice scheduling a hearing on Cincinnati Insurance's motion for January 26, 2006. Except for defendant Bonnell Enterprises, none of the remaining defendants responded to the motion or appeared at the motion hearing.

### Standard for Summary Judgment

Pursuant to Rule 56(c), "summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986)(quoting FED. R. CIV. P. 56(c)). "Rule 56(c) mandates summary judgment . . . against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party bears the burden of proof at trial." *Id.*

### Factual Background

In 1999, Cincinnati Insurance issued a commercial general liability policy of insurance to Ray Rogers, policy number PAD 137 14 66, with a policy period of July 1, 1999 through July 1, 2002 ("CGL Policy"). *See* Mot. Ex. A.

The underlying claims against Ray Rogers arise out of its supply and/or installation of "glacier gray" landscape rock or stone (hereafter the "stone") in 2001 and 2002. *See* Compl. ¶ 83. The remaining defendants, except Hortica-Florists' Mutual Insurance Company ("Hortica-Florists"), are customers on whose properties Ray Rogers installed the stone or construction companies, landscapers, or contractors who purchased the stone from Ray Rogers for use in their businesses. *See id.* ¶¶ 82. The remaining defendants have made claims against Ray Rogers apparently because the stone is crumbling, deteriorating, or is otherwise defective and therefore needs to be removed, repaired, and/or replaced. *See id.* ¶¶ 84-86. Defendant Hortica-Florists paid certain claims to or on behalf of defendant Chaszar-Mastellar Landscape Contractors, Ltd. for alleged damages arising out of the failure of the stone the landscaping company purchased from Ray Rogers. *See id.* ¶ 87.

**Argument and Analysis**

Cincinnati Insurance contends that the CGL Policy does not cover the damages claimed by defendants. This Court agrees.

The CGL Policy provides coverage for "bodily injury" or "property damage" resulting from an "occurrence." Under Michigan law, there can be no "occurrence" where the only damage is to the insured's own product, caused by the insured's defective

3

workmanship. *See id*. at 4 (cases cited therein). According to Cincinnati Insurance, defendants' damages were caused by Ray Rogers' faulty work, specifically the supply and/or installation of defective stone. *See* Mot. at 3. Moreover, Cincinnati Insurance contends that the only damage resulting from this faulty work was to Ray Rogers' product itself– i.e. the stone. As defendants failed to respond to Cincinnati Insurance's motion, they have not demonstrated a genuine issue of material fact with regard to whether Ray Rogers' faulty work was the cause of their damages or with regard to whether they suffered any damage to property other than Ray Rogers' stone.

Accordingly,

**IT IS ORDERED, ADJUDGED, AND DECREED**, that Cincinnati Insurance Company's motion for summary judgment is **GRANTED, except as to Bonnell Enterprises, Inc.**

s/PATRICK J. DUGGAN<br>UNITED STATES DISTRICT JUDGE

Copies to:
Timothy Clifford, Esq.
Don Blevins, Esq.
John Sier, Esq.
Lawrence Korolewicz, Esq.
Jonathan Frank, Esq.